**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

COREY DION McCARROLL, )
)
Petitioner, )
)
vs. ) Case No. CIV-10-364-JHP
)
JAMES RUDEK, Warden, )
)
Respondent. )

## NUNC PRO TUNC OPINION AND ORDER

This matter comes on for consideration of Respondent's Motion to Dismiss (Doc. 7). Respondent claims Petitioner's Petition for Habeas Corpus relief is barred by the statute of limitations contained within the Antiterrorism and Effective Death Penalty Act, "AEDPA," 28 U.S.C. § 2244(d). Petitioner has responded by claiming that *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) prevents this Court from treating his petition as a "second or successive petition."[1]

Title 28 U.S.C. § 2244(d)(1) contains a 1-year period of limitation which runs from the latest of –

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized

---

[1] Respondent has not argued that the current petition is a "second or successive petition" and this Court's decision is not based on that principle.

by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The pleadings in this case indicate Petitioner pled guilty in the Carter County District Court on September 30, 2003 and was sentenced on December 17, 2003.[2] Thereafter, on December 24, 2003, Petitioner filed a motion in the Carter County District Court to withdraw his guilty plea. The trial court denied Petitioner's request and

> sentenced Petitioner to twenty (20) years and a $5,000.00 fine on count one, fifteen (15) years and a $2,000.00 fine on count two, twenty (20) years and a $2000.00 fine on count three, and five (5) years on count six. All sentences were ordered to run consecutively.

*McCarroll v. State*, No. C-2004-69, slip op. at 1-2 (Okla. Crim. App. Jan. 19, 2005). Petitioner appealed to the Oklahoma Court of Criminal Appeals. On January, 19, 2005, the Oklahoma Court of Criminal Appeals, in an unpublished opinion, entered a summary opinion granting *certiorari* and thereby modified Petitioner's sentences. *Id*. Since Petitioner did not seek *certiorari* in the United States Supreme Court his conviction became final on April 19, 2005. *United States v. Burch*, 202 F.3d 1274 (10th Cir. 2000). Petitioner filed the instant habeas corpus petition on October 4, 2010.

While the AEDPA's one-year limitation period is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to

---

[2]Petitioner states in his supplemental reply brief that he pled guilty on December 17, 2003. However, the docket sheet from Carter County District Court submitted by Respondent indicates that was the date Petitioner was sentenced. *See* Respondent's Exhibit 1.

the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), Petitioner did not file his application for post-conviction relief until October 23, 2009, which was several years after the statute of limitations had already expired. As a result, Petitioner's state post-conviction action cannot toll the limitation period. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th cir. 2001), *cert. denied*, 535 U.S. 1034, 122 S.Ct. 1789, 152 L.Ed.2d 649 (2002).

Additionally, Petitioner sought federal habeas relief in this Court in June of 2005, Case No. CIV-05-250-JHP-KEW. On April 6, 2007, the Court entered an order advising Petitioner his action was subject to dismissal because it contained unexhausted claims. At that time, Petitioner was advised he could

> (1) dismiss [the] action without prejudice in its entirety *with the understanding that a second habeas petition could be barred by the statute of limitations*, (2) dismiss his unexhausted claims and continue with his exhausted claims, or (3) continue this case with all claims, with the knowledge that the court will dismiss this action for failure to exhaust all state-court remedies.

Opinion and Order, Doc. 26, at p. 1, in Case No. CIV-05-250-JHP-KEW. Since Petitioner made no effort to comply with the Court's order and did not attempt to exhaust his state court remedies by filing a post-conviction application, on March 5, 2008, this Court dismissed without prejudice Petitioner's federal habeas corpus action for failure to exhaust his state court remedies. *Id.* Since the filing of an improper federal habeas corpus action does not toll the statute of limitations, the limitations period was not tolled during the pendency of Petitioner's first federal habeas corpus proceeding. *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 l.Ed.2d 251 (2001).

Finally, after Petitioner was advised he needed to exhaust his state court remedies on

3

March 5, 2008, he waited until October 23, 2009, to file an application for post-conviction relief. Since Petitioner waited for more than a year and a half, this Court finds he did not diligently pursue his state court remedies. Accordingly, this Court declines to apply equitable tolling to the current habeas petition. *Burger v. State*, 317 F.3d 1133, 1141 (10th Cir. 2003).

As a result, this Court finds Petitioner's conviction was final on April 19, 2005. Thus, Petitioner had until April 19, 2006, to timely file his state post-conviction application. Because no state post-conviction application was filed for more than a year and a half after this Court dismissed his first habeas petition, this Court finds the current habeas corpus petition is untimely and should, therefore, be dismissed.

**ACCORDINGLY**, Respondent's Motion to Dismiss (doc. 7) is hereby GRANTED, and this action is DISMISSED WITH PREJUDICE in its entirety. Further, in accordance with Rule 11 of the Rules Governing Section 2254 Cases, this Court hereby denies a certificate of appealability.

**IT IS SO ORDERED** this 25th day of May 2011.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma